UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation, and JOHN MEGGS, an Individual, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No.  4:19-cv-00428 ) |
| DONALD CASTILLON, WILLIAM H. WYNE JR., and NORMA REUTHER, Individuals d/b/a Castillon's Arcade, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiffs, THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation, and JOHN MEGGS, an Individual, on their behalf and on behalf of all other mobility impaired individuals similarly situated ("Plaintiff" or "Plaintiffs"), hereby sue the Defendants, DONALD CASTILLON, WILLIAM H. WYNE JR., and NORMA REUTHER, Individuals d/b/a Castillon's Arcade ("Defendant" or "Defendants"), for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*

## COUNT I
## VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.*

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1

2. Venue is properly located in this Court; Eastern District of Missouri, Eastern Division pursuant to 28 U.S.C. §1391(b) and E.D. Mo. L.R. 3 - 2.07. Venue lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

3. All events giving rise to this lawsuit occurred in the Eastern District of Missouri, within the boundaries of the City of Saint Louis, County of Saint Louis, State of Missouri.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff, JOHN MEGGS, is an individual residing at 1128 Maynard Drive, Duarte, California, 91010, in the County of Los Angeles.

6. Plaintiff, THE INDEPENDENCE PROJECT, INC., is a nonprofit corporation formed under the laws of the State of New Jersey. THE INDEPENDENCE PROJECT, INC. maintains is principal office at 1002 Central Ave, New Providence, New Jersey 07947, in the County of Union.

7. The Defendants' property, also known as Castillon's Arcade, is located at 1219-1275 Castillon Arcade Plaza, Creve Coeur, Missouri 63141 ("Subject Property").

8. Defendants hold title to the subject property or operate a business located at the subject property alleged by the Plaintiffs to be operating in violation of Title III of the ADA.

9. Plaintiff, JOHN MEGGS is a California resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Meggs is a paraplegic as the result of a spinal cord injury and requires a wheelchair for mobility at all times.

10. Plaintiff operates a business incorporated in the State of Missouri with its registered business address and his business partners' home address both being 2236 Renault Drive, Apartment

C, St. Louis, Missouri 63146.

11. Plaintiff regularly visits St. Louis for pleasure and to conduct business; Mr. Meggs is a dee-jay, internet radio host, podcast host and musical talent scout. Mr. Meggs regularly visits the St. Louis area to promote these endeavors and search for new musical talent by attending live musical events across the Greater Saint Louis area.

12. Mr. Meggs is an extensive traveler by air, bus, and train. Mr. Meggs makes several trips to the St. Louis area per year by air and train from Los Angeles. These trips last, on average, 2-3 weeks after which Mr. Meggs travels by bus or train to visit his extensive family in the Kansas City area before returning home to Los Angeles. At this time, Mr. Meggs has several visits to the St. Louis area scheduled for 2019. Mr. Meggs has scheduled trips upcoming in May, June, July, August and September of 2019, during which time he will stay at area hotels.

13. Plaintiff has visited the subject property that forms the basis of this lawsuit on multiple occasions with his last visit occurring in December 2018. The subject property is located less than two (2) miles away from his business partner's home address.

14. Mr. Meggs has encountered architectural barriers at the Subject Property. The barriers to access at the property have endangered his safety. The plaintiff is also a member of the plaintiff organization, THE INDEPENDENCE PROJECT, INC., discussed below in paragraph 15, and acts as a tester on their behalf to ensure the compliance of public accommodations under the Americans with Disabilities Act.

15. Plaintiff, THE INDEPENDENCE PROJECT, INC. is a nonprofit New Jersey corporation. Members of this organization include individuals, residing across the United States, with disabilities as defined by the ADA. The purpose of this organization is to represent the interest of its members across the United States by assuring places of public accommodation are accessible

to and usable by, the disabled and that its members are not discriminated against because of their disabilities.

16.     THE INDEPENDENCE PROJECT, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of Defendants' discrimination until Defendants have been compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right.  THE INDEPENDENCE PROJECT, INC. has also been discriminated against due to its association with its disabled members and their claims.

17.     Defendants, own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendants are responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendants own, operate, lease or lease to is known as Castillon's Arcade which is located at 1219-1275 Castillon Arcade Plaza, Creve Coeur, Missouri 63141, in the County of Saint Louis.

18.     THE INDEPENDENCE PROJECT, INC. and JOHN MEGGS have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 20 of this complaint.  Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants.  JOHN MEGGS desires to visit the subject property, Castillon's Arcade, not only to avail himself of the goods and services available at the property but to assure himself that subject property complies with the ADA; so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

19. Defendants have discriminated against the individual Plaintiff and members of the corporate Plaintiff by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the property, as prohibited by 42 U.S.C. § 12182 *et seq*.

20. Defendants have discriminated, and are continuing to discriminate, against the Plaintiffs in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of subject property has shown that violations exist. These are barriers to access and violations of the ADA that JOHN MEGGS personally encountered, including, but not limited to the following:

**Parking and Exterior Accessible Route**

a. Parking spaces adjacent Murphy's Bar and Cobble Stop Smokehouse lack adequate access aisles and fail to provide an accessible route to tenants or curb ramps, violating Sections 402, 502 and 502.4 of the 2010 ADA Standards. These barriers, during multiple visits, have prevented Mr. Meggs from unloading from his vehicle both freely and safely - on certain occasions he would park away from the plaza to ensure he could access his vehicle.

b. Parking spaces throughout Castillon's Arcade are not maintained; spaces designated accessible lack adequate access aisles, contain slopes beyond the allowable limit and lack adequate ADA signage, violating Sections 502 and 502.4 of the 2010 ADA Standards. These conditions present a tipping hazard to Mr. Meggs and can cause damage to his wheelchair.

c. Curb ramps are not provided in all areas of the subject property. Those that are provided contain excessive slopes greater than 8.3%, abrupt changes of level greater than 0.25", and lack level landings, violating Sections 402 and 406 of the 2010 ADA Standards. Mr. Meggs dealt with a lack

of maneuvering space at the top/bottom of the curb ramp, presenting him with an additional tipping hazard.

d. The exterior accessible route leading from parking spaces and throughout Castillon Arcade fails to provide a safe accessible route to ramps or curb ramps and is impeded by steps in some areas, violating Section 402 of the 2010 ADA Standards. Mr. Meggs was impeded by steps along the accessible route and was forced to travel within the traffic area of the center in order to access the curb ramp; which presented him with the additional danger of encountering oncoming vehicles.

e. Castillon Arcade fails to provide a safe accessible route to the adjacent street/sidewalk/bus stop, violating Section 206.2.1 of the 2010 ADA Standards. The lack of an accessible route prevents Mr. Meggs from using public transportation when patronizing Murphy's Bar and/or Pink Galleon Billiards.

**Access to Goods and Services**

f. Murphy's Bar, Pink Galleon and Cobble Stop Smokehouse fail to provide accessible dining tables for those in wheelchairs, violating Section 902 of the 2010 ADA Standards. Mr. Meggs was unable to dine comfortably due to a lack of accessible tables.

g. Payment counters throughout Castillon's Arcade are mounted beyond the reach of Mr. Meggs, violating Sections 308 and 904 of the 2010 ADA Standards.

h. Entering tenant spaces is impeded by abrupt changes of level and/or slopes at the base, violating Section 404 of the 2010 ADA Standards. Mr. Meggs' wheelchair can be damaged by abrupt changes of level.

**Restrooms**

i. Restrooms at Castillon's Arcade including those located within Murphy's Bar, Pink Galleon, Cobble Stop Smokehouse and Hair Gallerie were reported to be unsafe for use. Inspection revealed

6

Mr. Meggs was unable to use the restrooms safely due to a lack of accessibility.  Violations include: inaccessible water closets which lack proper controls and wheelchair maneuvering space, in violation of Section 601 of the 2010 ADA Standards. Mr. Meggs was unable to freely and safely use the restroom due to a lack of adequate maneuvering clearance, water closets with improper centerlines and lavatories that lack the required knee clearance.  Improper centerlines affect the water closets' location in relation to the grab bars; when the centerline is incorrect transferring on and off the water closet to and from a wheelchair is difficult and potentially dangerous, as was the case for Mr. Meggs.  Due to the lavatories lack of proper knee clearance Mr. Meggs was unable to approach the sink and, therefore, could not wash his hands before exiting the said restrooms.

j.   Restrooms within Murphy's Bar, Pink Galleon, Cobble Stop Smokehouse and Hair Gallerie provide dispensers beyond reach of wheelchair users and are inaccessible to Mr. Meggs, violating Section 308 of the 2010 ADA Standards.

k.   Lavatories within restrooms at Murphy's Bar, Pink Galleon, Cobble Stop Smokehouse and Hair Gallerie lack knee clearance and accessibility preventing Mr. Meggs from freely accessing the lavatory, violating Section 606 the 2010 ADA Standards.

l.   Murphy's Bar, Pink Galleon, Cobble Stop Smokehouse and Hair Gallerie provide restrooms that contain improper centerlines for the water closets and flush controls mounted on the wall side, violating Section 604 of the 2010 ADA Standards. As indicated above, these barriers prevent Mr. Meggs from freely and safely accessing the facilities.

m.   The use of restrooms doors at Murphy's Bar, Pink Galleon, Cobble Stop Smokehouse and Hair Gallerie is impeded by round door knobs, improper signage and a lack of maneuvering clearance, violating Section 404 of the 2010 ADA Standards. Mr. Meggs requires accessible doors and maneuvering clearance to enter/exit freely and safely.

7

21. All of the foregoing violations are also violations of the 1991 American with Disabilities Act Accessibility Guidelines ("ADAAG") and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

22. The discriminatory violations described in paragraph 20 are not an exhaustive list of the Defendants' ADA violations.  Plaintiffs require the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

23. The individual Plaintiff, the members of the Plaintiff group, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

24. Defendants have discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 CFR 36.302 *et seq.*  Furthermore, the Defendants continue to discriminate against the individual Plaintiff, the members of the plaintiff group and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such

efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and the Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

26. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

28. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by the Plaintiffs or waived by the Defendants.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' request for Injunctive Relief, including an order to require the Defendants to alter the subject property to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the property until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendants, at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

                                                  Respectfully submitted,

Dated: March 11, 2019        /s/ Jon G Shadinger Jr. (70443MO)

                                                  Jon G. Shadinger Jr., Esq. (70443MO)
                                                  Shadinger Law, LLC
                                                  100 S 4th Street, Suite 550
                                                  St. Louis, MO 63102
                                                  Tel. (314) 279-7416
                                                  Fax (314) 898-0423
                                                  js@shadingerlaw.com
                                                  *Attorney for Plaintiffs,*
                                                  *The Independence Project, Inc. and John Meggs*